IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

Civil Action No. 09-cv-00274-BNB

JACK RAYMOND RIES,

MAY 2 0 2009

Applicant,

GREGORY C. LANGHAM
CLERK

v.

STEVE HARTLEY, Warden, Fremont Correctional Facility, and
JOHN W. SUTHERS, Attorney General of the State of Colorado,

Respondents.

---

ORDER OF DISMISSAL

---

Applicant Jack Raymond Ries is a prisoner in the custody of the Colorado

Department of Corrections at the Fremont Correctional Facility in Cañon City, Colorado.

Mr. Ries initiated this action by filing *pro se* an application for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254.  On March 3, 2009, Mr. Ries filed on the proper form an

amended application for a writ of habeas corpus pursuant to § 2254 asserting three

claims for relief challenging the validity of his conviction and sentence in Mesa County

District Court case number 01CR1231.

On March 31, 2009, Magistrate Judge Boland ordered Respondents to file a Pre-

Answer Response limited to addressing the affirmative defenses of timeliness under 28

U.S.C. § 2244(d) and exhaustion of state remedies under 28 U.S.C. § 2254(b)(1)(A) if

Respondents intend to raise either or both of those defenses in this action.  On April 16,

2009, Respondents filed their Pre-Answer Response.  On May 5, 2009, Mr. Ries filed a

document titled "Reply to PRE-ANSWER RESPONSE," although Mr. Ries does not

actually respond to the specific arguments raised by Respondents in their Pre-Answer Response.

The Court must construe the amended application and other papers filed by Mr. Ries liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, this action will be dismissed as time-barred.

Mr. Ries agreed to plead guilty to one count of sexual assault on a child by a person in a position of trust. He originally was sentenced in September 2002 to sixteen years in prison and five years of mandatory parole. Mr. Ries did not file a direct appeal.

Following his sentencing, Mr. Ries filed two postconviction motions in the trial court. The first state court postconviction motion, a motion to strike the mandatory parole portion of his sentence, was granted by the trial court on December 19, 2002. On December 20, 2002, the trial court issued an amended mittimus that eliminated the mandatory parole from Mr. Ries' sentence. Mr. Ries' second state court postconviction motion, a motion for sentence reduction, was denied by the trial court on March 10, 2003. Mr. Ries did not appeal from the trial court's March 10 order. The Court received the instant action for filing on January 30, 2009.

Respondents first argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

(A)  the date on which the judgment became
final by the conclusion of direct review or the
expiration of the time for seeking such review;

(B)  the date on which the impediment to filing
an application created by State action in
violation of the Constitution or laws of the
United States is removed, if the applicant was
prevented from filing by such State action;

(C)  the date on which the constitutional right
asserted was initially recognized by the
Supreme Court, if the right has been newly
recognized by the Supreme Court and made
retroactively applicable to cases on collateral
review; or

(D)  the date on which the factual predicate of
the claim or claims presented could have been
discovered through the exercise of due
diligence.

(2)  The time during which a properly filed application for
State post-conviction or other collateral review with respect
to the pertinent judgment or claim is pending shall not be
counted toward any period of limitation under this
subsection.

28 U.S.C. § 2244(d).

Pursuant to § 2244(d)(1), the Court first must determine when the judgment of

conviction in Mr. Ries' criminal case became final.  Because Mr. Ries did not file a

direct appeal, his conviction became final when the time for filing a direct appeal

expired.  *See* 28 U.S.C. § 2244(d)(1)(A).  Pursuant to Rule 4(b) of the Colorado

Appellate Rules, Mr. Ries had forty-five days to file a notice of appeal after he was

sentenced.  Because Mr. Ries was resentenced in December 2002 and the amended

mittimus was issued on December 20, 2002, the Court finds that his conviction was not

final until February 3, 2003.

3

The Court also finds that the one-year limitation period began to run on February 3, 2003, because Mr. Ries does not allege that he was prevented by unconstitutional state action from filing this action sooner, he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and he knew or could have discovered the factual predicate for all of his claims at the time his conviction became final.

The Court will assume that Mr. Ries' postconviction motion for sentence reduction tolled the one-year limitation period pursuant to 28 U.S.C. § 2244(d)(2). Therefore, the one-year limitation period was tolled from March 6, 2003, when Mr. Ries filed the motion, until April 24, 2003, when the time expired for Mr. Ries to appeal from the trial court's March 10, 2003, order denying the motion. *See Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000) (holding that, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law").

According to Respondents, Mr. Ries did not file any other state court postconviction motions that could have tolled the one-year limitation period. The copy of the docket sheet provided by Respondents with their Pre-Answer Response indicates that Mr. Ries made no further filings in his criminal case following the trial court's March 10, 2003, order. Mr. Ries does not dispute this information. Therefore, because Mr. Ries did not file the instant action until January 2009, more than five years after his final state court postconviction motion was denied, the Court finds that this action is time-barred in the absence of some other reason to toll the one-year limitation period.

4

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling also may be appropriate if the inmate actually is innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson*, 232 F.3d at 808 (10th Cir. 2000). However, simple excusable neglect is not sufficient to support equitable tolling. *See id*. Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims diligently and it is the inmate's burden to "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978).

Mr. Ries fails to allege any facts that might justify equitable tolling of the one-year limitation period. Therefore, the Court finds that Mr. Ries fails to demonstrate that equitable tolling is appropriate and the instant action will be dismissed as barred by the one-year limitation period. Because the Court will dismiss this action as time-barred, the Court need not consider Respondents' alternative argument that Mr. Ries failed to exhaust state remedies and that his claims are procedurally barred. Accordingly, it is

ORDERED that the habeas corpus application and the amended application are denied and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d).

DATED at Denver, Colorado, this 20 day of _____ May _____, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

### CERTIFICATE OF MAILING

Civil Action No. 09-cv-00274-BNB

Jack Raymond Ries
Prisoner No.  100298
Fremont Correctional Facility
P.O. Box 999 – Unit One A-104
Cañon City, CO 81215-0999


     I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 5/20/09

GREGORY C. LANGHAM, CLERK

By:_____
          Deputy Clerk